Joyce Ann **DIXSON**,
Petitioner-Appellant,

v.

Denise **QUARLES**; Frank J. **Kelley**,
Respondents-Appellees.

No. 85–1321.

United States Court of Appeals,
Sixth Circuit.

Dec. 26, 1985.

Kenneth M. Mogill argued, Detroit, Mich., for petitioner-appellant.

Edgar L. Church, Jr., Asst. Atty. Gen. argued, Corrections Div., Lansing, Mich., for respondents-appellees.

Before ENGEL and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.

(Emphasis added).

PER CURIAM.

Petitioner Joyce Ann Dixson appeals the judgment of the United States District Court for the Eastern District of Michigan denying her petition for writ of habeas corpus under 28 U.S.C. § 2254.

On July 2, 1976, Dixson was convicted after a bench trial of the first-degree murder of John L. Bond and sentenced to life imprisonment. After an unsuccessful appeal, Dixson filed a motion for a new trial. In her motion for retrial, she contended that her trial counsel, unbeknown to her and the trial court, had been Bond's attorney and was actively representing him in a criminal tax prosecution at the time of his death. The Michigan circuit court found no evidence that conflicting loyalties diminished the quality of Dixson's representation and denied Dixson's motion for a new trial. The Michigan Court of Appeals affirmed, characterizing the circuit court's decision as a conclusion that no actual conflict of interest adversely affected Dixson's representation. The Michigan Supreme Court denied leave to appeal. 419 Mich. 866, 347 N.W.2d 456 (1984).

Dixson then petitioned for a writ of habeas corpus. The district court denied her petition, finding no actual conflict of interest, and denied her subsequent motion for reconsideration.

On appeal, Dixson contends that her trial counsel's unrevealed representation of Bond created an actual conflict of interest, that this conflict constitutes ineffective assistance *per se,* and that even if her trial counsel were not ineffective *per se,* Dixson suffered substantial prejudice.

In a carefully considered opinion reported at 627 F.Supp. 50 (E.D.Mich.1985), United States District Judge Ralph B. Guy pointed out that petitioner had argued that her trial counsel, Mr. Jerome Burns, maintained a relationship with the deceased that prevented him from thoroughly investigating the matter and from adequately representing her at trial. Petitioner's new counsel represented her at the state court postconviction proceedings seeking a new trial and at the district court, as well as in her appeal at this level. Even though counsel had the opportunity to interview Burns and also had available the cooperation of petitioner as his client, there has been a notable absence of any offer of proof other than the very limited assertions made in the petition and in the affidavit given by Burns. Petitioner's own affidavit is very abbreviated and does not explain in any way how it came about that she was represented by her original counsel. Similarly, while Burns himself filed an affidavit that he was "without personal knowledge as to whether Ms. Dixson knew of affiant's representation of [the deceased]" and states that "at no time prior to or after being retained by Ms. Dixson can he recall advising her of his representation of the deceased ...," his affidavit is singularly silent as to why he did not advise her if such was the case, or as to any other circumstances that might explain his failure to disclose his position. In the absence of any offer of proof or a rational explanation why no offer of proof was possible, we are led to conclude, as did the district judge, that appellant was unable to demonstrate any actual conflict of interest or actual prejudice to her defense in the criminal proceedings, and we agree with the district judge that in such circumstances it was incumbent under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that she do so.

The circumstances alleged by petitioner with respect to her trial counsel's representation of the deceased are indeed disconcerting, but we are not persuaded that they are sufficient to give rise to a presumption either rebuttable or irrebuttable, that actual prejudice to her trial resulted.

Accordingly, for the reasons stated in the memorandum opinion of Judge Guy, the judgment of the district court is AFFIRMED.