833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Esker BYRNS, Defendant-Appellant.
 No. 87-5359.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1987.
 
 Before RALPH B. GUY, Jr., DAVID A. NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se defendant requests appointment of counsel in his appeal from an order of the district court that denied his motion, filed pursuant to 28 U.S.C. Sec. 2255, for vacation of his sentence. We have reviewed the record and briefs pursuant to Rule 9(a) of the rules of this court, and we are unanimously of the opinion that oral argument is not needed. Fed.R.App.P. 34(a). The motion for appointment of counsel is denied.
 
 
 2
 Eighteen years after he entered a guilty plea to a federal kidnapping charge, defendant filed a motion to vacate his sentence. (The sentence--imprisonment for ten years--had already been served by this time, but vacation of the federal sentence might affect the time defendant is still required to serve in state prison.) Defendant alleged that he had entered an involuntary guilty plea due to ineffective assistance of counsel. Acting on the recommendation of a magistrate, the district court denied the motion without scheduling an evidentiary hearing or allowing defendant to amend his pleadings.
 
 
 3
 Defendant has failed to allege facts necessary to support his claim of ineffective assistance of counsel. To make out such a claim, defendant must allege both that counsel's performance was deficient and that there is a reasonable probability that defendant would not have entered a guilty plea but for counsel's deficient performance. Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985). Additionally, when counsel's alleged error is claimed to have stemmed from dual representation, as is alleged here, there must be an actual conflict of interest. Dixson v. Quarles, 781 F.2d 534 (6th Cir.1985), cert. denied, --- U.S. ----, 107 S.Ct. 411 (1986). Finally, the effect of the joint representation must have been to foreclose negotiations for a favorable plea agreement on defendant's behalf. Thomas v. Foltz, 818 F.2d 476 (6th Cir.1987).
 
 
 4
 Defendant's allegation that his counsel advised him to plead guilty because a codefendant intended to do so is insufficient to make out a conflict of interest. It is not necessarily improper to advise a defendant to plead guilty under these circumstances. Dukes v. Warden, 406 U.S. 250 (1972); Thomas v. Foltz, 818 F.2d at 483. Defendant received a lenient ten-year sentence, moreover, when he might well have been sentenced to imprisonment for life. Defendant's claim of ineffective assistance of counsel due to dual representation was properly denied.
 
 
 5
 Defendant's additional allegations that counsel spent insufficient time with him and refused to answer his questions also failed to suggest that defendant was prejudiced. Defendant does not disclose the questions counsel refused to answer, and he does not indicate that he would not have entered a guilty plea if the questions had been answered. His claim of ineffective assistance of counsel is meritless. See Hill v. Lockhart, supra.
 
 
 6
 Defendant has also alleged that his plea of guilty was involuntary because it was based upon a plea bargaining agreement that was not honored. See Blackledge v. Allison, 431 U.S. 63 (1977). Specifically, he alleges that the agreement was that his ten-year sentence for kidnapping would run concurrently with a previous state sentence, but he found later that the sentences would have to be served consecutively. At the time he was sentenced, defendant had responded in the affirmative to a question from the judge as to whether his plea was voluntary and not made in exchange for any promise of leniency. The government has conceded in its brief, however, that there was a plea bargaining agreement. The record of the original sentencing hearing does not indicate what the terms of the plea bargaining agreement were. (The hearing was held in 1968, before disclosure was required by the amendments to Rule 11 of the Federal Rules of Criminal Procedure and by the Supreme Court decision in Santobello v. New York, 404 U.S. 257 (1971).)
 
 
 7
 Because the district court did not address defendant's contention that his plea bargaining agreement was violated, we VACATE the district court's order pursuant to Rule 9(b)(6) of the rules of this court, and we REMAND the case for further proceedings consistent with Blackledge v. Allison, supra. Under Rule 9(a) of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. Sec. 2255, the district court may well conclude that the defendant's motion must be denied because of the inability of the state, at this late date, to produce records and witnesses that could establish the terms of the plea bargaining agreement. It is the district court, however, that would have to make such a finding. See Davis v. Adult Parole Authority, 610 F.2d 410 (6th Cir.1979); Ford v. Superintendent, Kentucky State Penitentiary, 687 F.2d 870 (6th Cir.1982), cert. denied, 459 U.S. 1216 (1983).